UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Santiago Gabriel Salgado-Rimey (A-Number: 246-566-525),

Petitioner,

v.

Warden, California City Detention Facility, et al.,

Respondents.

No. 1:26-cv-06942-KES-FJS (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Docs. 1, 4

Petitioner Santiago Gabriel Salgado-Rimey ("petitioner" or "Salgado-Rimey") is an immigration detainee proceeding pro se with a petition for writ of habeas corpus and a motion for temporary restraining order. Docs. 1, 4. Salgado-Rimey entered the United States in or around February 2023. Doc. 1 at 9, 12. He indicates he was released and was initially required to attend check-ins with Immigration and Customs Enforcement ("ICE"), but that ICE subsequently informed him the check-ins were no longer required. *Id.* at 12–13. Salgado-Rimey has a misdemeanor conviction for operating a vehicle without insurance. Doc. 9-2 at 3.[1] Respondents do not dispute Salgado-Rimey's assertion that he did not violate his release conditions. *See* Doc. 1 at 24; Doc. 9 at 1. ICE re-detained Salgado-Rimey in June 2026. *Id.* at 19–20, 26.

The Court has previously addressed the legal issues raised by the petition—that, when a noncitizen has previously been released pursuant to 8 U.S.C. § 1226(a) and is subsequently re-

[1] He was also charged with domestic violence, but respondents do not allege that he has been convicted of that offense. *Id.*

detained, the Due Process Clause requires a bond hearing where the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. *See, e.g.*, *Luis Alberto R.C. v. Murray*, 817 F. Supp. 3d 917 (E.D. Cal. 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025). The Court ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that justify denying the petition. Doc. 8.

Respondents do not distinguish these authorities or raise any argument that this Court has not previously considered. Respondents maintain that because "*Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), holds that § 1226(a) governs Petitioner's detention," Salgado-Rimey is "entitled to seek a custody redetermination hearing before an immigration judge." Doc. 9 at 1. But respondents do not contest that DHS previously released Salgado-Rimey in 2023, before re-detaining him in 2026.[2]

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondents are ORDERED to provide petitioner a bond hearing within ten (10) days before a neutral decisionmaker. At this hearing, the burden will be on the government to demonstrate, by clear and convincing evidence, that petitioner is a flight risk or danger to the community, such that his physical custody is legally justified. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' written notice before a bond hearing in a language that he can understand. Petitioner may be represented by an attorney at this hearing, and respondents may extend the deadline at petitioner's request so that he can obtain an attorney. If petitioner obtains an attorney, his attorney shall also be given 72 hours' written notice before

[2] While Salgado-Rimey indicates he received a bond hearing after being re-detained, Doc. 1 at 26, there is no indication that the government bore the burden at that hearing, as required, to prove by clear and convincing evidence that petitioner was a flight risk or danger.

the bond hearing. The neutral decisionmaker must consider petitioner's financial circumstances in setting the amount of bond as well as alternative conditions of release.

The motion for temporary restraining order is DENIED as moot.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve California City Detention Facility with a copy of this Order.

IT IS SO ORDERED.

Dated: September 4, 2026

UNITED STATES DISTRICT JUDGE